**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

**VICTORIA SMITH,**

        **Plaintiff,**

    **v.**                                         **CIVIL ACTION NO. 4:04cv101**

**JIMMY R. HUSBAND,**

        **Defendant.**

### *MEMORANDUM OPINION AND ORDER*

        This matter is before the Court on Defendant, Jimmy R. Husband's Motion to Dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and violation of the statute of limitations.  For the reasons stated below, Defendant's Motion to Dismiss is **DENIED**.

### I.  FACTUAL AND PROCEDURAL HISTORY

        Plaintiff brings suit pursuant to Title 18, United States Code, Section 2255 for personal injuries she suffered as a result of Defendant, Jimmy Husband's actions.  Plaintiff alleges that Husband was convicted of sexual exploitation, in violation of 18 U.S.C. §§ 2251(a) and (d), and 2256(1) and (2).  Defendant pleaded guilty to eight counts of sexual exploitation of a minor on April 7, 2003.  On several occasions in the summer of 1995 and the spring of 1996, Defendant persuaded Plaintiff to engage in sexually explicit conduct, and did so for the purpose of producing a videotape of such conduct.  Defendant was sentenced to eighty-seven months as to each count, all to be served consecutively for a total of 696 months, to be followed by three years of supervised release.  Plaintiff now invokes the accompanying civil remedy for these criminal violations, stating that she has sustained and continues to sustain physical and mental damages, humiliation, and embarrassment as a result of Defendant's criminal acts.

Plaintiff first brought suit on December 9, 2003 anonymously alleging the same violations as alleged here.  The Defendant moved to dismiss on several grounds including lack of personal and subject matter jurisdiction.  On August 10, 2004, this Court granted Defendant's Motion to Dismiss based on Plaintiff's failure to obtain authorization to proceed anonymously.  The Court did find that jurisdiction over Defendant was proper, however.

Plaintiff's instant complaint was filed on August 18, 2004.  The Defendant filed a motion to dismiss on March 22, 2005 on the bases that Plaintiff's claims are barred by the statute of limitations, that the Court lacks personal jurisdiction over him, and that the Court lacks subject matter jurisdiction on the basis of a faulty criminal indictment.  The Court held a hearing on the Motion to Dismiss on May 5, 2005.  The Defendant was represented by a guardian ad litem.

## II.  LEGAL STANDARDS

### A.  Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of actions on the basis of lack of subject matter jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction may attack the complaint on its face or the truth of the underlying jurisdictional allegations contained in the complaint.  The nonmovant has the burden to allege and prove such jurisdiction.  *Lane v. David P. Jacobson & Co., Ltd.*, 880 F. Supp. 1091, 1094 (E.D. Va. 1995) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "A court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion." *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986).

### B.  Personal Jurisdiction

The Plaintiff has the burden of establishing personal jurisdiction by a preponderance of

the evidence. *Combs v. Bakker*, 886 F.2d 673 (4th Cir. 1989).  A two-prong test governs an

analysis of in personam jurisdiction.  The first prong requires that the activity of the defendant

fall within the reach of Virginia's long arm statute.  The second prong requires that the defendant

have minimum contacts with the state so that the exercise of jurisdiction does not offend basic

notions of due process. *Wolf v. Richmond County Hosp. Auth.*, 745 F.2d 904, 909 (4th Cir. 1984),

*cert. denied*, 474 U.S. 826 (1985).

### III.  DISCUSSION

**A.  Subject Matter Jurisdiction**

The Defendant first alleges that the Court lacks subject matter jurisdiction.  Plaintiff sues

invoking a federal statute, 18 U.S.C. § 2255, that specifically authorizes a civil suit for the victim

of any of several statutes prohibiting child molestation, exploitation, and pornography.

Accordingly, the Court has subject matter jurisdiction based upon the existence of a federal

question.  Defendant argues, however, that fatal flaws in his criminal indictment violate his rights

under the Fifth Amendment and the Federal Rules of Criminal Procedure.  He contends that he

was denied the right to a grand jury proceeding, and that the indictment does not state all of the

essential elements of the offense charged.  Yet, even assuming the indictment and criminal

conviction were invalid, Plaintiff can maintain a case based solely on the facts of the abuse.  As

discussed below, the criminal conviction is not necessary for Defendant to face civil liability for

the underlying acts. *See* discussion *infra* Part III.C.1.  The validity of Defendant's criminal

conviction is therefore irrelevant to the question of whether the Court has subject matter

jurisdiction. In addition, Defendant also fails to provide any specifics regarding his claim that the

guilty plea or indictment were invalid.  Defendant's motion to dismiss pursuant to Rule 12(b)(1)

of the Federal Rules of Civil Procedure is **DENIED**.

**B.  Personal Jurisdiction**

The Defendant argues that the Court lacks personal jurisdiction because he is not a resident of the Commonwealth, and all of the alleged acts took place in New York.  The Plaintiff argues that Defendant did maintain a permanent residence in Virginia for some of the relevant time period, that he was arrested on state charges related to this offense in Virginia, and that Defendant possessed and the police confiscated the illicit videotape in Virginia.  Plaintiff also argues that some of the acts of exploitation did occur in Virginia, though not the specific acts for which Defendant was convicted criminally.  The Defendant raised this same motion on Plaintiff's claim brought anonymously in 2003.  At that time, the Court determined that jurisdiction over Defendant was proper because he committed a tortious act within the Commonwealth. *See Doe v. Husband*, No. 03cv166, slip op. at 10 (E.D. Va. August 10, 2004). At the hearing, the parties provided more details regarding both Plaintiff's and Defendant's former residence within the Commonwealth that further support the Court's decision in the former case.

The Virginia long arm statute allows the Court to exercise specific jurisdiction over a cause of action arising from a defendant's "[c]ausing tortious injury by an act or omission in this Commonwealth; [c]ausing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth. " Va. Code § 2.01-328.1 (2000).  More generally, if a defendant transacts any business, or has an interest in, uses, or possesses real property in the

4

Commonwealth, a Virginia court can exercise personal jurisdiction over such defendant. Va. Code § 2.01-328.1. Virginia courts consistently hold that the Virginia long-arm statute, Virginia Code § 8.01-328.1, extends personal jurisdiction to the limits of due process. *Peanut Corp. of Am. v. Hollywood Brands, Inc.,* 696 F.2d 311, 313 (4th Cir. 1982); *Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc.,* 238 S.E.2d. 800 (Va. 1977); *John G. Kolbe, Inc., v. Chromodern Chair Co.,* 180 S.E.2d 664, 667 (Va. Ct. App. 1971). Thus, there exists only one issue to be determined; that is, whether Defendant's activities in Virginia are such that in personam jurisdiction may be exercised without violating due process. *See, e.g., Federal Ins. Co. v. Lake Shore, Inc.,* 886 F.2d 654, 657 n.2 (4th Cir. 1989); *Superfos Invs. Ltd. v. FirstMiss,* 774 F. Supp. 393, 397 (E.D. Va. 1991).

The due process clause of the United States Constitution requires that a defendant have "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945). Minimum contacts exist when the "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court here." *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In order for a court's jurisdiction to be proper, "it is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Danville Plywood*, 238 S.E.2d at 802 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

The United States Supreme Court ("Supreme Court") has developed a distinction between specific jurisdiction and general jurisdiction. *See Helicopteros Nacionales de*

*Columbia, S.A. v. Hall*, 466 U.S. 408,414 (1984).  If the contacts with the forum are rare or limited but directly related to the cause of action, then the court's specific jurisdiction can be used to subject a defendant to suit in that court.  *Id.*  If a nonresident engages in some purposeful activity in the forum state, even a single act may constitute sufficient contact for a court to exercise personal jurisdiction.  *Darden v. Heck's, Inc.*, 459 F. Supp. 956 (W.D. Va. 1978).  On the other hand, if defendant's activities within the forum state are substantial and pervasive, the court may exercise general jurisdiction over the defendant.  *Helicopteros*, 466 U.S. at 415-16.

At the hearing, the parties presented information regarding where both Plaintiff and Defendant resided during the period in question.  Plaintiff was born on December 30, 1979, and during most of the relevant times she lived with her mother and stepfather, the Defendant. Plaintiff resided with Defendant in various states including Virginia, Kentucky, and Tennessee prior to 1993.  Plaintiff alleges that Defendant's exploitation of her occurred in all of these residences.  From 1993 until 1998, Plaintiff resided in New York with Defendant.  It was during this time that Defendant made a videotape of himself engaging in illicit acts with the Plaintiff, a minor.  In January 1998, Plaintiff reached the age of eighteen and moved out of the residence to another residence in New York.  In 1999, she moved to Virginia and has maintained residence in the state since.  In October 2001, Defendant moved to Virginia.  The parties were unsure about the particulars of Defendant's arrest, but it seems that he was arrested in February 2002 in Newport News on state charges related to the sexual abuse.  He was held in the Newport News jail, and later released.  Defendant then apparently moved to Kansas, where he was arrested on the federal charges.

On a motion to dismiss, the Court must construe Plaintiff's allegations as true.[1]  Plaintiff maintains that Defendant's tortious behavior took place in Virginia as well as New York and other states.  Defendant did not appear at the hearing and has not contested that specific allegation in any of the pleadings he has submitted.  He argues only that the conduct for which he was indicted occurred in New York.  Plaintiff also maintains that at the time he was arrested in Virginia, Defendant possessed the illicit videotape, which caused a continuing tortious injury to her.  Defendant's residence in the Commonwealth at the time some of the illegal conduct occurred is sufficient for the Court to exercise jurisdiction over the Defendant.  Moreover, he was a resident at the time he possessed the illegally made videotape, and purposely availed himself of the privileges of conducting activities in Virginia.  These facts are sufficient to establish Defendant's minimum contacts with the state for the purposes of due process.  The Court finds jurisdiction over Defendant to be proper, and his Motion to Dismiss pursuant to Rule 12(b)(2) is **DENIED**.

## C.  Statute of Limitations

The Defendant alleges that all of the relevant conduct occurred from the summer of 1995 to the Spring of 1996, and thus Plaintiff's complaint was filed after the six year statute of limitations expired.  The relevant question is when the right of action first accrued.  Plaintiff argues that her cause of action did not accrue until Defendant was convicted under the criminal

---

[1]At the hearing, although Plaintiff was present, she did not testify under oath as to the facts regarding her residence and Defendant's residence in the state.  In addition, Defendant was not present to testify himself, or offer contrasting evidence for his guardian ad litem to argue.  Thus, since the Court merely heard counsel's arguments and did not take evidence regarding the issue of personal jurisdiction, the hearing is not considered an evidentiary hearing for the purposes of a rule 12(b)(2) motion.

statutes; specifically, that a conviction is a pre-requisite to filing suit under 18 U.S.C. § 2255, and therefore the statute of limitations did not begin to run until July 2003, when Defendant was convicted under 18 U.S.C. §§ 2251(a),(d) and 2256(1) and (2).  Defendant argues that the right of action accrued at the time of the criminal acts for which he was convicted, which he states was at the latest 1996.

### 1.  Criminal conviction as a prerequisite to a civil suit

Neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has provided any guidance regarding this particular statute.  Thus, in order to determine this question of first impression, the Court must use standard methods for interpreting a statute. "When interpreting a statute, [a court's] inquiry begins with the text." *United States v. Simmons*, 247 F.3d 118, 122 (4th Cir. 2001); *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241, 109 S. Ct. 1026, 1030 (1989).  The Court must look first to the plain meaning of the words, and scrutinize the statute's "language, structure, and purpose." *United States v. Horton*, 321 F.3d 476, 479 (4th Cir. 2003) (internal quotations omitted); *North Dakota v. United States*, 460 U.S. 300, 312-13, 103 S. Ct. 1095, 1102-03 (1983). Words in the text of the statute should be accorded "their ordinary meaning." *United States v. Sheek*, 990 F.2d 150, 152 (4th Cir. 1993).  If the language of the statute is plain, the Court ends the inquiry; if the language is ambiguous, the Court must consider other factors such as legislative history.

The plain text of 18 U.S.C. § 2255 reads:

Any minor who is a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation may sue in any appropriate United States District Court and shall recover the actual damages such minor sustains and the cost of the suit, including a reasonable attorney's fee. . . . Any action

commenced under this section shall be barred unless the complaint is filed within six years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

The statute does not specify whether a conviction under one of the listed statutes is necessary for a civil suit, or whether any violation of the listed statutes is sufficient. If a plaintiff must merely show that a violation has occurred, the Court would apply the preponderance of the evidence standard to find that such a violation had occurred, rather than the reasonable doubt standard employed for a criminal conviction. In some contexts, the term "violation" has been held not to imply a criminal conviction. *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 489 (1985) ("'violation' refers only to a failure to adhere to legal requirements."). In *Sedima*, however, the Court relied upon the term's "indisputable meaning elsewhere in the statute." *Id.* The instant statute does not provide a clear indication of the term's meaning elsewhere in the state; nor do related statutes contain the words "chargeable", "indictable", or "punishable" as did the statute at issue in *Sedima*. Though illustrative, the findings in *Sedima* cannot apply to every use of the term "violation" throughout the criminal code. Accordingly, the Court must consider the term in the context of the statute presented here. The language of this statute does not provide any context as to the meaning of violation. The Court must therefore rely upon other methods of statutory interpretation.

The Court must next look to the legislative history of the statute to interpret Congressional motives regarding its enactment. Title 18, United States Code, Section 2255 was enacted as part of The Child Abuse Victims' Rights Act of 1986 on October 18, 1986. Pub. L. No. 99-500, 100 Stat. 1783-39 (1986). It expanded the scope of the Protection of Children Against Sexual Exploitation Act of 1977, Pub. L. 95-225, 92 Stat. 7 (1978), to provide a civil

remedy for personal injuries suffered by victims of child sexual exploitation.  In the early drafts

of the legislation, the civil remedy was discussed as an amendment to the civil Racketeer

Influenced and Corrupt Organizations ("RICO") statute that already provided for remedies to

crime victims.  The intent in proposing to include the statute within RICO was to allow for

increased criminal penalties as well as expanded investigatory powers to arrest perpetrators of the

offenses. 132 Cong. Rec. H3362-02 (daily ed. June 5, 1986) (statement of Rep. Young).

Initially, the representative introducing the bill proposed that "[i]f an offender is convicted under

Civil RICO, the Government or the victim is given the right to sue the offender in order to

receive treble damages and attorney fees." 132 Cong. Rec. E290-02 (Feb. 5, 1986) (statement of

Rep. Siljander).  In later debates, a bill was proposed still within the RICO statute that stated:

"[a]ny person injured- (1) personally by reason of a violation of section 1962 of this chapter if

such injury results *from an act indictable* under sections 2251 and 2252 of this title (relating to

sexual exploitation of children) . . . may sue therefor in any appropriate United States district

court and shall recover threefold the damages he sustains and the cost of the suit, including a

reasonable attorney's fee." *See* 132 Cong. Rec. E1983-01 (daily ed. June 5, 1986) (statement of

Rep. Siljander during extension of remarks).

A later draft of the proposed legislation was entitled the Pornography Victims Protection

Act. H.R. 5509.  It contained a provision whereby a federal district court could order a

perpetrator to divest himself of any profits received by his illegal activities, or to order the

dissolution of any business enterprise associated with the activity. 132 Cong. Rec. E3242-02

(daily ed. September 23, 1986) (statement of Rep. Green during extension of remarks).  In his

remarks, Representative Green presented an analysis of the text of the bill conducted by the

American Law Division of Congressional Research Services.  The analysis discussed the civil

remedies and provided that "for purposes of this section, violations are to be determined by a

preponderance of the evidence.  Successful plaintiffs are entitled to recover the cost of the suit,

including a reasonable attorney's fee, from those found guilty of a violation." *Id.*  Although that

analysis was not binding upon Congress in enacting the statute, no subsequent drafts of the

legislation contained language contrary to the interpretation provided.

The Court finds this discussion of the proposed bill persuasive.  The language analyzed

by the American Law Division was practically identical[2] to the final draft except that the final bill

specified that it applied only to minors.  The analysis of that proposed draft indicated that a

violation under § 2255 was to be proven only by a preponderance of the evidence.  Furthermore,

the earlier draft discussed in June 1986 provided that a victim could sue "from an act indictable"

under the statute.  This language again indicates that it was not Congress's intent that a

conviction under the other sexual exploitation statutes be a prerequisite to the initiation of a civil

suit for damages.  The Court finds that legislative history indicates that 18 U.S.C. § 2255 was

intended to provide a remedy for victims without requiring a criminal conviction.

The Court's holding is further bolstered by a consideration of other federal statutes

providing for civil remedies to victims of criminal acts.  Courts considering the proper

interpretation of a statute often rely on the use of a particular term in other statutes. *See Rowan*

---

[2] The proposed draft provided that "[a]ny victim of a violation of §§ 2251 or 2252 who suffers physical injury, emotional distress, or property damage as a result of such violation may sue to recover damages in any appropriate federal district court, and shall recover triple damages if a violation is found." 134 Cong. Rec. S372-01 (daily ed. February 1, 1988) (statement of Sen. Grassley). The final draft of the statute was subsequently amended in 1998 to provide for damages in the event of a violation of the other sexual exploitation laws as well as §§ 2251 and 2252, and to allow treble damages.

*Cos. v. United States*, 452 U.S. 247, 101 S. Ct. 2288 (1981); *United States v. Duke Energy Corp.*, -- F.3d -- , No. 04-1763, 2005 WL 1398658, at *6 (4th Cir. June 15, 2005).  Title 18 U.S.C. § 1595 provides a civil remedy for the victims of forced labor, the trafficking of individuals with respect to peonage and the sex trafficking of children.  That statute specifies that the civil action is stayed during the pendency of the criminal action, but does not specify a statute of limitations for the civil action.  Although it is a relatively new law, and there are seemingly no cases invoking the statute, the language itself considers the possibility of a civil action being filed prior to the criminal action. *See* 18 U.S.C. § 1595(b)(1).  Similarly, 18 U.S.C. § 2520 provides a civil remedy for the victim of an illegal wire tap.  The relevant statute of limitations for that offense is "two years after the date upon which the claimant first has a reasonable opportunity to discover the violation." 18 U.S.C. § 2520(e). Several cases considering that statute have been dismissed based on the statute of limitations with no discussion of a criminal conviction as a prerequisite. *See Andes v. Knox*, 905 F.2d 188 (8th Cir. 1990) (victim's claim barred by the statute of limitations though she did not know who had actually done the wiretapping until he pleaded guilty); *Brown v. American Broadcasting Co., Inc.*, 704 F.2d 1296 (4th Cir. 1983) (issue of when the victim knew or should have known of the violation was one for the jury, and failed to grant summary judgment on the statute of limitations issue.)

Other federal statutes have explicitly provided that a criminal conviction is not necessary for a victim to pursue civil remedies.  The Violence Against Women Act, as enacted in 1994, provided for civil damages to the victim of a crime of violence motivated by gender, and assigned civil liability "whether or not [the criminal acts] have actually resulted in criminal charges, prosecution, or conviction . . ." 42 U.S.C. § 13981(c). *See also*, 42 U.S.C. § 13981(e)(2).

12

Although, the statute was later held unconstitutional because it was not authorized by the

Commerce Clause, *United States v. Morrison*, 529 U.S. 598 (2000), the intent of the legislature

was nevertheless clear that victims would have a right of recovery regardless of a criminal

conviction.  Finally, 18 U.S.C. § 1964(c), the statute discussed above, provides for a civil remedy

for the victim of a racketeering operation.[3] *See* discussion *supra* Part III.C.1.  A statute of

limitations is not provided.  Yet, the statute specifies that if a defendant has been convicted in a

criminal proceeding for the offenses, that defendant cannot deny the essential allegations of the

offense in the civil proceeding. 18 U.S.C. § 1964(d).  It therefore follows that a criminal

conviction is not necessary in order for a victim to pursue a civil remedy under that statute. *See*

*Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) (finding that private action under §

1964(c) can proceed without a criminal conviction).

These statutes provide further support to the Court's finding that Congress did not intend

to provide a civil remedy for only those crimes where the perpetrator has been convicted

criminally.  Furthermore, although Plaintiff's proposed interpretation of the statute would

alleviate her concern regarding the statute of limitations, it would foreclose other victims from

pursing the remedy if the defendant had not already been adjudged guilty.  Absent definitive

evidence indicating such Congressional intent, this Court is not prepared to interpret the statute

in such a restrictive manner.  The Court finds that given the legislative history of 18 U.S.C. §

2255, Congressional intent is to make the civil remedies provision available to any victim able to

---

[3]After discussion, the civil remedy provision for sexual exploitation was not included
within Chapter 96, the RICO statutes, but instead was merely added to Chapter 110 along with
the other provisions regarding the sexual exploitation of children.  Child pornography and related
offenses were, however, added to the definition of racketeering activities under Chapter 96. *See*
132 Cong. Rec. S17295-02 (daily ed. Oct. 18, 1986) (statement of Senator Grassley).

show by a preponderance of the evidence that the defendant committed the acts described in any

of the listed offenses.

### 2. Date of first accrual

The Court must next consider Defendant's argument that the statute of limitations has

expired given the fact that the statute of limitations cannot run from the 2003 conviction.  The

statute provides that the claim "shall be barred unless the complaint is filed within six years after

the right of action first accrues." 18 U.S.C. § 2255.  Under general principles of federal law, a

plaintiff's cause of action first accrues when she possesses sufficient facts about the harm done to

her that a reasonable inquiry would reveal the cause of action. *Nasim v. Warden, Md. House of*

*Corrections*, 64 F.3d 951, 955 (4th Cir. 1995); *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002)

(a cause of action accrues "when it is sufficiently ripe that one can maintain suit on it.").

Defendant argues that Plaintiff was aware of her cause of action at the time the abuse first

occurred.  With regards to the videotaping, he argues that she was aware of that cause of action

when the tape was originally made in 1995/1996, and thus the statute of limitations expired six

years after those dates.

The Plaintiff does not dispute the statement that she was aware of the videotaping at the

time it was made.  Yet, Plaintiff argues that since the statute does not require a criminal

conviction as a prerequisite, she may rely on other dates of abuse to support her claim.

Essentially, Plaintiff's argument is that the statute of limitations runs from the first accrual of the

right of action based on any violation of the listed exploitation statutes.  Moreover, Plaintiff

argues that a new violation occurred each time Defendant abused her in violation of the listed

statutes.  Plaintiff relies on the continuing violation doctrine, which provides that each of a

14

defendant's acts that cause injury to a plaintiff renews the cause of action for purposes of the statute of limitations. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338, 91 S.Ct. 795 (1971) (applying continuing violation doctrine to anti-trust cases); *Nat'l Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1166 (4th Cir. 1991) (finding that to meet the continuing violations doctrine "the challenged action must be repeated within the statute of limitations period.").

At the hearing, Plaintiff represented that although the criminal indictment and conviction concerned abusive behavior in 1995 and 1996, the abuse continued until she reached the age of eighteen and moved away from Defendant. These allegations are sufficient under the continuing violation doctrine because Plaintiff claims that Defendant engaged in a continuous course of conduct that injured her upon each instance of abuse. *See Perez v. Laredo Junior Coll.*, 706 F.2d 731, 733 (5th Cir. 1983) (noting that if the violation "does not occur at a single moment but in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew."). Plaintiff stated that she moved out in January of 1998, one month after her eighteenth birthday. Plaintiff then argues that because she first filed suit against Defendant in December of 2003, the Court should find that this Complaint relates back to that original complaint for the purposes of the statute of limitations. The Plaintiff first brought suit anonymously, but the case was dismissed for her failure to obtain authorization to make such an anonymous filing. *See Doe v. Husband*, No. 2:03cv166, slip op. at 10 (E.D. Va. August 10, 2004).

Under Plaintiff's theory on relating back, provided that she can establish that any violation of the listed sexual exploitation statutes occurred on or later than December 1997, her

cause of action would be valid under the continuing violation doctrine. Plaintiff did not provide specific details regarding the abuse in December 1997, but it is foreseeable that she could prove that such a violation occurred in order to support her claim for damages. The Court must therefore determine if the date of commencement of this action relates back to the original December 2003 filing for the purposes of the statute of limitations.

The Federal Rules of Civil Procedure provide that an amended pleading relate back to the date of the original pleading under three circumstances: "(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted" if certain conditions are met. Fed. R. Civ. P. 15(c). The statute does not contemplate a relation back to a prior dismissed case. Although Plaintiff's cause of action is the same, and the defendant is the same and was aware of the allegations against him, the situation is different from that of an amended complaint relating back to the original complaint in the same action. Plaintiff has cited no law, nor can the Court find any precedent for relating a subsequent complaint back to a prior complaint in a separate, though related, action that was dismissed because of the plaintiff's error. Plaintiff's argument that the date of filing is December 2003 for the purposes of the statute of limitations therefore fails.

Thus, only if Plaintiff can show that Defendant violated any of the listed statutes within six years of the filing of this Complaint in August 2004, is this matter within the statute of limitations. At the hearing, Plaintiff suggested that because the videotape was made in New York, Defendant's interstate transportation of the item to Virginia, and continuing possession of

it constituted a new violation.  The interstate transportation of child pornography, and possession

thereof is prohibited by Title 18 United States Code, Sections 2252(a)(1) and (a)(4), and

2252A(a)(1) and (5)(B).[4]  As the videotape was made in New York by Defendant, and seized

from Defendant in Virginia, Plaintiff could arguably attempt to show that a violation of § 2252A

or § 2252 occurred.[5]  Nevertheless, even if Plaintiff could establish such a violation by a

preponderance of the evidence, Plaintiff would not be able to sue for that violation under § 2255.

That section provides that only a minor who is a victim of §§ 2252A or 2252 among other

statutes can sue for such a violation.  Plaintiff represented that Defendant moved to Virginia in

October of 2001.  Thus, even if he transported the videotape interstate at that time, Plaintiff was

no longer a minor when that most recent violation and injury occurred.  Thus, she does not meet

the criteria for a plaintiff under § 2255 for any violations subsequent to her eighteenth birthday.

Plaintiff's suit was brought more than six years after any of Defendant's conduct for which she

can pursue a claim under § 2255.

---

[4] Title 18 U.S.C. § 2252A provides that

Any person who (1) knowingly mails, or transports or ships in interstate or foreign
commerce by any means, including by computer, any child pornography; or (5)(B)
knowingly possesses any ... videotape, ... or any other material that contains an
image of child pornography that has been mailed, or shipped or transported in
interstate or foreign commerce by any means, ... or that was produced using
materials which have been mailed, or shipped or transported in interstate or
foreign commerce by any means, including by computer; shall be punished as
provided in subsection (b).

Title 18 U.S.C. § 2252 contains similar language but requires that the producing of a visual
depiction involve the use of a minor engaging in sexually explicit conduct.

[5]It is uncertain whether the mere transportation of a home video across state lines can
meet the definition of interstate commerce under the statute.

17

### 3.  Equitable Tolling

The Court must also consider whether the doctrine of equitable tolling will allow Plaintiff's claim to go forward despite being in violation of the statute of limitations.  The doctrine of equitable tolling applies to all federal statutes of limitation unless Congress specifically provides otherwise. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S. Ct. 582 (1946).  To determine whether to apply the doctrine, "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations . . . ." *Burnett v. N.Y. Central R.R. Co.*, 380 U.S. 424, 427, 85 S. Ct. 1050 (1965).  Specifically, federal courts have allowed equitable tolling when the claimant has filed a defective pleading during the statutory period. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453 (1990); 51 Am. Jur. 2d § 174 (2000) (allowing equitable tolling when the plaintiff actively pursues his or her judicial remedies by filing a defective pleading during the statutory period . . . .").  The Court must also consider that application of this equitable doctrine in order to relieve the strict application of a statute of limitations must be "guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000); *Spencer v. Sutton*, 239 F.3d 626, 629 (4th Cir. 2001).

As discussed above, Plaintiff commenced suit anonymously in December 2003.  At that time, Defendant was served with a complaint alleging the same cause of action, but the case was dismissed due to a procedural error by the Plaintiff.  Plaintiff's situation is very similar to that in *Burnett* and other cases where equitable tolling has been found to apply. *See Burnett*, 380 U.S. at 434-35; *Berry v. Pacific Sportfishing, Inc.*, 372 F.2d 213 (9th Cir. 1967) (tolling statute of limitations after case improperly filed in state rather than federal court). *But see Shofer v. Hack*,

970 F.2d 1316, 1319 (4th Cir. 1992).  In *Burnett*, the original case was improperly filed in state court and dismissed for lack of venue.  The plaintiff then re-filed in federal court after the statute of limitations expired, but the court tolled the limitations period given defendant's notice and the mere procedural error. 380 U.S. at 434-35.  In *Shofer v. Hack*, the court declined to toll the statute of limitations finding that the plaintiff had commenced the action in a "clearly inappropriate forum" because the state clearly lacked jurisdiction over ERISA matters. 970 F.2d at 1319.  The court in *Shofer* distinguished *Burnett* and *Berry* finding that in those cases, it was not clearly evident that the original courts were improper. 970 F.2d at 1319.

Here, Plaintiff initiated suit anonymously, but there is no evidence that her filing was in clear violation of the court's jurisdiction as was the case in *Shofer*.  In addition, Defendant has not even alleged that he would be prejudiced by the equitable tolling. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (discussing prejudice to the defendant as a factor the court must consider when determining whether to apply the doctrine of equitable tolling). He had notice of the exact claim in December 2003, before the limitations period had expired.  Moreover, Plaintiff's case is exactly the situation contemplated in *Irwin* where the initial complaint had a procedural defect, but was nevertheless filed within the limitations period. 498 U.S. at 96; *Chao v. Va. Dep't of Transp.*, 291 F.3d 276 (4th Cir. 2002) (adopting the *Irwin* rule that allows for tolling absent any misconduct by the defendant).  Tolling the statute of limitations equitably in this instance does not run counter to the purpose of the statute of limitations, which is to protect defendants by preventing surprises and preserving evidence. *Burnett*, 380 U.S. at 428.  Defendant cannot claim surprise by Plaintiff's action as the renewed case was filed mere days after the initial complaint was dismissed.

19

The Court therefore finds the doctrine of equitable tolling applicable to Plaintiff's claim because but for a procedural error in the original complaint, this action would have been timely. Plaintiff's argument that a continuing violation occurred therefore applies provided that such a violation occurred within six years of the filing of the December 2003 complaint.  Plaintiff can maintain a cause of action provided that she can show by a preponderance of the evidence that any violation of 18 U.S.C. §§ 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 occurred on or after December 1997, while she was a minor.  Accordingly, Defendant's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) is **DENIED**.

## IV.  CONCLUSION

Defendant's Motion to Dismiss is **DENIED**.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 7, 2005

20