IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**VICTORIA SMITH,**

        **Plaintiff,**

       v.                                      CIVIL ACTION NO. 4:04cv101

**JIMMY R. HUSBAND,**

        **Defendant.**

*MEMORANDUM OPINION AND ORDER*

This matter is before the Court on Defendant, Jimmy R. Husband's Motion for Summary Judgment. For the reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED**.

## I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff brings suit pursuant to Title 18, United States Code, Section 2255 for personal injuries she suffered as a result of Defendant, Jimmy Husband's actions. On April 7, 2003, Defendant pleaded guilty to eight counts of sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (d), and 2256(1) and (2). On several occasions in the summer of 1995 and the spring of 1996, Defendant persuaded Plaintiff to engage in sexually explicit conduct, and did so for the purpose of producing a videotape of such conduct. Defendant was sentenced to eighty-seven months as to each count, all to be served consecutively for a total of 696 months, to be followed by three years of supervised release. Plaintiff now invokes the accompanying civil remedy for these criminal violations, stating that she has sustained and continues to sustain physical and mental damages, humiliation, and embarrassment as a result of Defendant's

criminal acts.

Plaintiff first brought suit on December 9, 2003 anonymously alleging the same violations as alleged here.  The Defendant moved to dismiss on several grounds including lack of personal and subject matter jurisdiction.  On August 10, 2004, this Court granted Defendant's Motion to Dismiss based on Plaintiff's failure to obtain authorization to proceed anonymously.  The Court did find that jurisdiction over Defendant was proper, however.

Plaintiff's instant complaint was filed on August 18, 2004.  The Defendant filed a motion to dismiss on March 22, 2005.  The Court held a hearing on the Motion to Dismiss on May 5, 2005.  The Defendant was represented by a guardian ad litem.  On July 7, 2005, the Court denied Defendant's Motion to Dismiss finding that the Court had appropriate jurisdiction over the case and that Plaintiff's claims were not time barred.  *See Smith v. Husband*, 376 F.Supp.2d 603 (E.D. Va. 2005).

On January 10, 2006, Defendant filed the instant motion for summary judgment on the basis that Plaintiff has failed to provide any evidence that creates a genuine issue of material fact.[1]  Plaintiff responded on January 13, 2006.  The matter is now ripe for determination.

---

[1] Defendant also requested summary judgment on the grounds that the Court lacks personal and subject matter jurisdiction.  Defendant did not make any supportive arguments but instead "adopted the arguments articulated in support of his Motion to Dismiss." (Mot. Summ. Judg. at 7).  The Court previously denied that Motion to Dismiss and found it had appropriate personal and subject matter jurisdiction. (*See Smith v. Husband*, 376 F.Supp.2d 603 (E.D. Va. 2005)).  Since Defendant has failed to make any new arguments, Defendant's Motion for Summary judgement as to lack of personal and subject matter jurisdiction is **DENIED**.

## II. LEGAL STANDARDS

**A. Summary Judgment**

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)); *Haulbrook v. Michelin North Amer., Inc.*, 252 F.3d 696, 700 (4th Cir. 2001) (citing *McKinney v. Bd of Trustees of Mayland Cmty. Coll.*, 955 F.3d 924, 928 (4th Cir. 1992) (stating that "summary judgment should be granted only when it is perfectly clear that no issue of material fact exists, and it is not necessary to inquire further into the facts in order to clarify the operation of the law"). In deciding a motion for summary judgment, the Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. While courts must take special care when considering a motion for summary judgment in a discrimination case because motive is often the critical issue, "summary judgment disposition remains appropriate if the [non-movant] cannot prevail as a matter of law." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996); *Ennis v. Nat. Ass'n of Bus. and Educ. Radio, Inc.*, 53 F.3d, 55, 62 (4th Cir. 1995) (requiring the plaintiff point to

"any circumstance "surrounding . . . discharge that credibly raises an inference of unlawful discrimination).

### III.  DISCUSSION

**A.  Timeliness**

Defendant argues that Plaintiff's claim should be dismissed because Plaintiff cannot provide any evidence to satisfy 18 U.S.C. § 2252, the only predicate statute applicable to the case. (Mot. Summ. Judg. at 5). Title 18, United States Code, Section 2255 provides for civil relief for any violation of 18 U.S.C. §§ 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423. The Court clearly expressed that Plaintiff could prevail by showing that a violation of *any* predicate statute of 18 U.S.C. § 2255 occurred on or after December 1997, while she was a minor. *Smith*, 376 F.Supp.2d at 616. Plaintiff has not restricted her relief to only one predicate statute of 18 U.S.C. § 2255.

Plaintiff argues that because she can prove by preponderance of the evidence that a violation of 18 U.S.C. § 2241(a) occurred, she has satisfied the requirements of 18 U.S.C. § 2255. (Reply to Mot. Summ. Judg. at 5). However, 18 U.S.C. § 2241(a) is not a predicate felony of 18 U.S.C. § 2255. *See* 18 U.S.C. § 2255. Accordingly a violation of 18 U.S.C. § 2241(a) is irrelevant to this analysis.

Plaintiff's counsel indicated, at Plaintiff's deposition, that the case was being pursued for claimed violations of 18 U.S.C. §§ 2241, 2243, 2251, and 2252.[2] (Pl's Deposition at 30). The Court will now analyze each of these predicate statutes.

---

[2] Both parties have agreed that the current claim is not being pursued for any violation of 18 U.S.C. §§ 2251A, 2252A, 2260, 2421, 2422, and 2423. (Pl's Deposition at 25).

Title 18, United States Code, Section 2241(c) provides for punishment when a person crosses a state line with intent to engage in a sexual act with someone under twelve or engages in a sexual act with a child between the ages of 12-16 in the special maritime and territorial jurisdiction of the United States or in a Federal Prison. Plaintiff has not provided any evidence that she can satisfy any of the elements of 18 U.S.C. § 2241(c). At best, Plaintiff provides evidence that Defendant took her on a road trip and molested in June of 1996. (Pl's Deposition at 27). However, Plaintiff could not show that it occurred in the special maritime or territorial jurisdiction of the United States. Plaintiff actually believed it occurred in general public hotel such as Embassy Suites in Arizona. (Pl's Deposition at 32-35). Additionally, to satisfy the statute of limitations, Plaintiff must prove that these acts occurred in December 1997. Plaintiff has failed to satisfy the elements of 18 U.S.C. § 2241(c).

Title 18, United States Code, Section 2243 provides for punishment for any person who engages in a sexual act with a person who is "under the custodial, supervisory, or disciplinary authority of the person so engaging" in the special maritime and territorial jurisdiction of the United States or in a Federal prison. Defendant was Plaintiff's step-father and could be considered to have "custodial, supervisory, or disciplinary authority" over Plaintiff. However, Plaintiff is still unable to overcome the hurdle that none of the actions occurred in "the special maritime and territorial jurisdiction of the United States or in a Federal Prison." 18 U.S.C. § 2243.

Title 18, United States Code, Section 2251 provides that "any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . ." Defendant was

convicted of 18 U.S.C. § 2251 for actions taking place during the summer of 1995 to the spring of 1996. However, to satisfy the statute of limitations for 18 U.S.C. § 2255, Plaintiff must show that violations of 18 U.S.C. § 2251 took place in December 1997.

According to both parties, the videotapes do not provide any dates or time stamps. (Pl's Deposition at 10-13). Additionally, the Plaintiff continuously stated in her deposition, she "has never watched the video" and doesn't know how old she was at the time of the video. (Pl's Deposition at 12-13).

> Cales: . . . Between spring of 1996, okay, June 21, 1996, the last day of spring, until December 30, 1997 as you sit here today, do you have any recollection of Mr. Husband recording either by visual or audio means any of the episodes of sexual activity that you and he engaged in?
> *Plaintiff*: *To my knowledge, no.*
> Cales: During that same period of time, from June 21 1996 until December 30, 1997, as you sit here today, do you have any recollection of Mr. Husband creating any video or audio recording of you engaged in sexual activity alone?
> *Plaintiff*: *Not to my knowledge.*
> Cales: Same period of time. From June 21, 1996 until December 30, 1997, are you aware of Mr. Husband having made a video or audio recording of you engaged with sexual or in sexual activity with another?
> *Plaintiff*: *Not to my knowledge.*
> Cales: During the time of June 21, 1996 to December 30, 1997, are you aware of Mr. Husband making any photograph or other depiction of you engaged in any sort of sexual activity?
> *Plaintiff*: *Not to my knowledge.*

(Pl's Deposition at 31-32). The Court believes that Plaintiff has not provided any evidence that there were videotapes made during December 1997 or that she will be able to determine the exact

dates of any sessions on the videotape. Accordingly, Plaintiff will not be able to satisfy the statute of limitations with respect to a violation of 18 U.S.C. § 2251.

Lastly, Title 18, United States Code, Section 2252 provides for punishment when any person ships or receives any visual depiction of sexual exploitation of a minor in interstate commerce. Plaintiff has not provided any evidence to show Defendant shipped or intended to ship the videotape at any time. Therefore, Plaintiff cannot satisfy the elements of 18 U.S.C. § 2252.

Plaintiff has not provided any evidence that would satisfy any of the predicate statutes of 18 U.S.C. § 2255. Throughout Plaintiff's deposition, she continuously stated that she is was unaware of evidence that could prove the elements of any of the predicate statutes of 18 U.S.C. § 2255. (*See* Pl's Deposition). Accordingly, the Court finds that there is no genuine issue of material fact and Defendant's Motion for Summary Judgment is **GRANTED**.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

/s/
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 10, 2006